**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VETERANS FOR A STRONG AMERICA, <u>et al</u>. | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 15-464 (RMC) |
| DEPARTMENT OF STATE | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO AMEND THE PRODUCTION SCHEDULE**

Plaintiffs Veterans for a Strong America and Joel Arends (collectively referred to as "VSA") respectfully oppose the defendant Department of State's ("State") Motion to Amend the Production Schedule (Dkt. #12)(filed September 18, 2015)("Motion").

In the Second Joint Status Report Regarding Schedule, State committed itself to rolling production of responsive records in six-week intervals. Dkt. #9. The first production occurred on August 7, 2015. The second production was scheduled for September 18, 2015. However, in what respectfully appears to have been a last-minute decision regarding which no prior notice had been given, State informed VSA at the close of business on September 18, 2015, that it would not be able to meet its production deadline for that day. Instead, State filed its Motion seeking to modify the schedule.

After careful consideration, VSA believes it necessary to file this opposition to State's Motion.

While affording all appropriate respect and good faith presumptions towards State's apology and its claims of "best efforts" to meet the September 18, 2015, deadline, <u>see</u> Motion at 2, its Motion simply is insufficient on its face to justify the requested relief. State did not produce so much as a single affidavit from a relevant official at State explaining any of the following issues, all of which even the simplest layman would have immediately raised in this circumstance:

- When did State determine that it could not make any production at all on September 18, 2015?
- What was/were the reason(s) for State's inability to make any production at all on September 18, 2015?
- When did State determine that it would now be able to complete the entire production of responsive records by October 30, 2015, six weeks ahead of schedule?
- What changed with respect to the processing of the relevant responsive records that simultaneously made it infeasible for State to meet its September 18, 2015, production deadline while nonetheless enabling it to complete the entirety of the production six weeks ahead of schedule?
- Why did State delay raising this with the undersigned until the end of the business day on the day of production?

On its face, State's Motion is simply too barren, too minimalistic and too self-serving to warrant granting the requested relief.

Furthermore, the timing of this request cannot be ignored in the context of other events relevant to the specific records sought in VSA's FOIA request. VSA sought specific e-mail and phone records of former Secretary of State Hillary Clinton ("Secretary Clinton") pertaining to the attacks on the U.S. facility in Benghazi, Libya, in 2012. To the best of the undersigned's knowledge and understanding, the information sought in this lawsuit has not previously been disclosed in any public, unclassified forum (if at all in any forum beyond State). As this Court may already be aware, Secretary Clinton is scheduled to testify on October 22, 2015, before the Select Committee on Benghazi ("Select Committee"). *http://www.politico.com/story/2015/07/ clinton-will-testify-before-benghazi-panel-on-oct-22-120792* (last accessed September 21, 2015). Putting the legal sufficiency of State's Motion aside for the moment, permitting the requested delay would ensure that any responsive information that can be produced as part of this lawsuit will only be made public *after* Secretary Clinton has already testified. Such a delay would deprive VSA of the opportunity to notify the Select Committee of information that the Select Committee may wish to rely upon in presenting questions to Secretary Clinton, which would itself result in the American public writ large being deprived of a comprehensive discussion of the facts surrounding the tragic events in Benghazi.

To paraphrase the fictional TV character NCIS Special Agent Leroy Jethro Gibbs, there is no such thing as a coincidence.[1] State's sudden and unexplained need to change the production schedule in a way that delays all releases until after Secretary Clinton's

---

[1] *http://ncis.wikia.com/wiki/Gibbs%27s_Rules* (last accessed September 21, 2015).

3

testimony simply cannot, absent sworn affidavits from State clarifying the matter, be taken at face value.

For all the reasons set forth above, State's Motion should be denied with prejudice. Alternatively, and at a minimum, State should be compelled to provide sworn affidavits from relevant U.S. Government officials addressing all of the questions raised in this pleading, as well as any other questions that this Court deems necessary and appropriate. In light of the compressed timeframe, those affidavits should be produced within 5 business days of this Court's order.

Date:   September 21, 2015

                                      Respectfully submitted,

                                         /s/
                                    _____
                                    Bradley P. Moss, Esq.
                                    D.C. Bar #975905
                                    Mark S. Zaid, Esq.
                                    DC Bar #440532
                                    Mark S. Zaid, P.C.
                                    1250 Connecticut Avenue, N.W.
                                    Suite 200
                                    Washington, D.C. 20036
                                    (202) 454-2809
                                    (202) 330-5610 fax
                                    Mark@MarkZaid.com
                                    Brad@MarkZaid.com